# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARTHA RANGEL, MARIA
GUADALUPE MOLINA, ROXANA
HERRARA, and ALICIA BEDOLLA,
on behalf of themselves and similarly
situated employees,

          Plaintiffs,

        -vs-                                           Case No. 14-C-799

**PATRICK CUDAHY, LLC,**

          Defendant.

## DECISION AND ORDER

       This is a class action for unpaid wages pursuant to Wisconsin's wage payment and overtime laws. The named plaintiffs seek to represent a class consisting of all current and former hourly production employees required to don and doff personal protection equipment ("PPE") at the Patrick Cudahy processing plant in Cudahy, Wisconsin within two years preceding the filing of this action. Cudahy removed from Milwaukee County Circuit Court, and the plaintiffs move to remand.

       Cudahy's first ground for removal is that the plaintiffs' state law claims are completely preempted by Section 301 of the Labor Management Relations Act. Normally, the Court looks to the well-pleaded allegations of

the complaint to determine if it presents a federal question (thus making removal appropriate, 28 U.S.C. § 1441), but complete preemption is an exception to the well-pleaded complaint rule, and Section 301 of the LMRA has complete preemption force. *See Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498 (7th Cir. 1996) ("even if a plaintiff makes no mention of § 301 in a complaint, § 301 nevertheless may displace entirely a state cause of action, allowing removal by the defendant…").

The preemptive force of § 301 is "so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983). A claim which is "sufficiently dependent on an interpretation of the [collective-bargaining agreement]" is preempted, *Baker v. Kingsley*, 387 F.3d 649, 657 (7th Cir. 2004), but a "question of state law, entirely independent of any understanding embodied in the collective-bargaining agreement" can go forward as a state-law claim. *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994). Plaintiffs' claim does not depend upon an interpretation of the CBA. Instead, plaintiffs' claim presents a question of state law — that is, whether time spent donning and doffing PPE constitutes "preparatory and concluding" activities that are an "integral part of a principal activity."

*Weissman v. Tyson Prepared Foods, Inc.*, 838 N.W.2d 502, 503 (Wis. Ct. App. 2013) (quoting Wis. Admin. Code DWD § 272.12(2)(e)). Put another way, although the number of hours worked by the plaintiffs is in dispute, that is a dispute over the meaning of state law, not the collective bargaining agreement. *Spoerle v. Kraft Foods Global, Inc.*, 527 F. Supp. 2d 860, 871 (W.D. Wis. 2007); *see also In re Bentz Metal Prods. Co., Inc.*, 253 F. 3d 283, 285 (7th Cir. 2001) ("a state law claim is not preempted if it does not require interpretation of the CBA even if it may require reference to the [agreement]").

Cudahy also removed pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d); 28 U.S.C. § 1453. CAFA gives district courts original jurisdiction over any civil action involving a proposed class of at least 100 members "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant," so long as the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." §§ 1332(d)(2)(A), 1332(d)(5). Plaintiffs do not challenge the first two requirements, and the Court agrees that they are satisfied for jurisdictional purposes. Plaintiffs allege that

there are 1,000 members of the putative class seeking overtime compensation. Plaintiffs do not allege how much time they are seeking compensation for, but Cudahy posits that it is reasonable to assume that plaintiffs seek at least 20 additional minutes of compensation each day. Using an average overtime rate over a two-year period brings the claim to just under four million dollars; plaintiffs' claim for a 50% civil penalty pushes the claim over the requisite jurisdictional amount. Wis. Stat. § 109.11(2). This is a "good faith estimate" that is "plausible and adequately supported by the evidence." *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

Plaintiffs do challenge whether CAFA's "minimal diversity" requirement has been satisfied. For CAFA purposes, Cudahy is a citizen of Delaware and Wisconsin. Declaration of Lisa Swaney, ¶ 4; § 1332(d)(10). In her initial declaration, Swaney stated that there are "multiple former employees who, according to their addresses on record with the Company, are in states other than Wisconsin and Delaware, including Arizona, Florida, Michigan, Mississippi, and Pennsylvania, as well as Puerto Rico." *Id.*, ¶ 5. Swaney later clarified that those employees were employed within the two year period prior to the filing of this lawsuit. Second Declaration of Lisa Swaney, ¶ 7. Finally, Swaney explained that all references to

"employees" in her prior declarations included only hourly employees. Third Declaration of Lisa Swaney, ¶ 5. Collectively, these declarations establish that at least one member of the putative class is not a citizen of either Wisconsin or Delaware.

Plaintiffs further argue that the "local controversy" and "home state" exceptions deprive the Court of jurisdiction. The local controversy exception applies to a class action in which "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." § 1332(d)(4)(A)(i)(I). Similarly, under the home state exception, district courts must decline jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." § 1332(d)(4)(B).

Post-removal, plaintiffs amended their complaint to confine the class to current and former hourly employees who are citizens of the State of Wisconsin. *In re Sprint Nextel Corp.*, 593 F.3d 669, 676 (7th Cir. 2010) (explaining that the plaintiffs could have avoided CAFA removal by defining their class to include only citizens from a particular state). However, the "well-established general rule is that jurisdiction is

determined at the time of removal, and nothing filed after removal affects jurisdiction." *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380-81 (7th Cir. 2010). Therefore, plaintiffs' amendment cannot defeat removal, and the Court's analysis is confined to "the complaint as it existed at the time the petition for removal was filed." *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997).

Plaintiffs bear the burden of demonstrating that the local controversy and/or home state exceptions deprive the Court of jurisdiction. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679-81 (7th Cir. 2006). Plaintiffs assert that it is "self-evident" that at least two-thirds of its class members are Wisconsin citizens, but the plaintiffs cannot defeat CAFA jurisdiction based upon "guesswork," even "[s]ensible guesswork." *Sprint*, 593 F.3d at 674. Plaintiffs argue that the Court should allow discovery on this issue because Cudahy has sole and exclusive possession of the relevant information. In *Hart*, the Seventh Circuit explained that in a CAFA case, defendants *and* plaintiffs both "have the right, through appropriate discovery, to explore the facts relevant to the court's jurisdiction as the case progresses." 457 F.3d at 682. Therefore, the Court will deny the motion to remand without prejudice and direct the plaintiffs to conduct discovery into the issue on an expedited basis. *See, e.g.,*

*Schwartz v. Comcast Corp.*, No. Civ.A 05-2340, 2005 WL 1799414, at *7 (E.D. Pa. July 28, 2005) (allowing limited discovery on the local controversy and home state exceptions because the defendant "has control over the information that would establish the citizenship of the various members of [plaintiff's] proposed class").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Defendant's motion for leave to file the Third Declaration of Lisa Swaney [ECF No. 12] is **GRANTED**;

2. Plaintiffs' motion to remand [ECF No. 8] is **DENIED**; and

3. Within **sixty (60) days** of the date of this Order, plaintiffs must file a motion to remand or a statement indicating that they will not be pursuing remand.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2014.

**BY THE COURT:**

_/s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**